RENATA B. HESSE, State Bar No. 148425
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, NW
Washington, D.C.  10006-3817
Telephone:  (202) 973-8800
Facsimile:   (202) 973-8899
Email: RHesse@wsgr.com

LISA A. DAVIS, State Bar No. 179854
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email: LDavis@wsgr.com

Attorneys for Defendant
TRANSITIONS OPTICAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARYL O'KEEFE, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>   v.<br><br>TRANSITIONS OPTICAL, INC.,<br><br>         Defendant. | CASE NO.:  3:10-cv-03099-RS<br><br>JURY TRIAL DEMANDED<br><br>STIPULATION AND [PROPOSED] ORDER RE EXTENSION OF TIME FOR DEFENDANT TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO CIV. L.R. 6-1(a) |

Pursuant to Civil L.R. 6-1(a), plaintiff Caryl O'Keefe ("Plaintiff") and defendant Transitions Optical, Inc. ("TOI" or "Defendant") hereby stipulate:

WHEREAS, on or about July 15, 2010, Plaintiff filed the complaint in this action, which alleges violations of state antitrust, consumer protection and unfair competition laws;

WHEREAS, Plaintiff styled the action as a proposed class action;

-1-

STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

WHEREAS, as of the date of this stipulation, two other plaintiffs have filed class action complaints in this District, including: *Donohoe v. Transitions Optical, Inc.,* 10-cv-01984-RS (N.D. Cal); and *Terrell v. Transitions Optical, Inc.,* 10-cv-02738-RS (N.D. Cal.).

WHEREAS, as of the date of this stipulation, numerous other plaintiffs have filed complaints in other federal courts, including: *First Image Optical v. Transitions Optical Inc., et al.,* 10-cv-01032-RAL-TGW (M.D. Fla.); *B & B Eyes, Inc. v. Transitions Optical, Inc., et al.*, 10-cv-00984-JDW-EAJ (M.D. Fla.); *Railway Optical, Inc. v. Transitions Optical, Inc., et al.,* 10-cv-01004-JDW-TGW (M.D. Fla.); *Achtman v. Transitions Optical, Inc.,* 10-cv-01158-EAK-MAP (M.D. Fla.); *Klein v. Transitions Optical, Inc., et al.,* 10-cv-01358-VMC-TBM (M.D. Fla.); *Arthur L. Cartier Optics v. Transitions Optical, Inc., et al.,* 2:10-cv-00694-MJP (W.D. Wa.); *Nouveau Vision v. Transitions Optical Inc., et al.*, 10-cv-00547-JCC (W.D. Wa.); *Pennachio & Fishman v. Transitions Optical Inc., et al.,* 10-cv-00730-BAT (W.D. Wa.); *Dr. Robert A. Sherman PC v. Transitions Optical, Inc., et al.,* 10-01044 (W.D. Wa.); *Metropolitan Optical, Inc. v. Transitions Optical, Inc., et al.,* 10-cv-01046 (W.D. Wa.); *Point of View v. Transitions Optical Inc., et al.,* 10-cv-00761-JLR (W.D. Wa.); *See-Mor Optical of Hewlett, Inc. v. Transitions Optical Inc., et al.*, 10-cv-21289-DLG (S.D. Fla.); *Gary Steven Eyes, Inc. v. Transitions Optical, Inc., et al.,* 10-cv-21518 (S.D. Fla.); *Optical Supply, Inc. v. Transitions Optical, Inc., et al.,* 10-cv-21739-ASG (S.D. Fla.); *Sickbert Family Eye Care, LLC v. Transitions Optical Inc., et al.,* 10-cv-00881-F (N.D. Tex.); *Carmel Mountain Vision Care v. Transitions Optical, Inc. et al.*, 10-cv-00835-RJL (D.D.C.); and *Blake v. Transitions Optical, Inc., et al.,* 10-cv-02328-EFM-DJW (D. Kan.);

WHEREAS, as of the date of this stipulation, other plaintiffs have filed complaints in state courts, which have subsequently been removed to federal courts, including: *Gable v. Transitions Optical Inc., et al.,* 10-cv-00487-JVS-AN (C.D. Cal.); and *Sabani v. Transitions Optical Inc., et al.,* 10-cv-00332 (E.D. Wis.);

WHEREAS, each of these complaints alleges federal or state antitrust actions as against Defendant TOI and/or Defendants Essilor of America, Inc., Essilor Laboratories of America, Inc., and/or Essilor International SA and are styled as proposed class actions (collectively, the "Related Actions");

WHEREAS, currently pending before the United States Judicial Panel on Multidistrict Litigation ("JPML") are motions filed pursuant to 28 U.S.C. § 1407 for transfer and coordination or consolidation of all related civil actions, including this action and the Related Actions, for pretrial proceedings regarding alleged antitrust violations in the claimed market for the development, manufacture and sale of photochromic treatments for corrective ophthalmic lenses;

WHEREAS, the courts in six of the Related Actions, *B & B Eyes, Inc. v. Transitions Optical, Inc., et al.*, 10-cv-00984-JDW-EAJ (M.D. Fla.); *Railway Optical, Inc. v. Transitions Optical, Inc., et al*., 10-cv-01004-JDW-TGW (M.D. Fla.); *First Image Optical v. Transitions Optical Inc., et al.*, 10-cv-01032-RAL-TGW (M.D. Fla.); *Gary Steven Eyes, Inc., v. Transitions Optical, Inc., et al.*, 10-cv-21518 (S.D. Fla.); *See-Mor Optical of Hewlett, Inc. v. Transitions Optical Inc., et al.*, 10-cv-21289-DLG (S.D. Fla.); and *Optical Supply, Inc. v. Transitions Optical, Inc., et al*., 10-cv-21739-DLG (S.D. Fla.) have approved an extension of time for defendants in those actions to respond to the respective complaints and have stayed other pretrial deadlines and discovery pending the disposition of the motions pending before the JPML.  Including this Court, the courts in eleven additional Related Actions, *Donohoe v. Transitions Optical, Inc*., 10-cv-1098-RS (N.D. Cal.); *Carmel Mountain Vision Care v. Transitions Optical, Inc*., *et al*., 10-cv-00835-RJL (D.D.C.); *Arthur L. Cartier Optics v. Transitions Optical Inc., et al*., 10-cv-00694-MJP (W.D. Wash.); *Nouveau Vision, Inc. v. Transitions Optical Inc., et al*., 10-cv-00547-JCC (W.D. Wash.); *Pennachio & Fishman, M.D., P.A. v. Transitions Optical Inc., et al*., 10-cv-00730-BAT (W.D. Wash.); *Point of View, Inc. v. Transitions Optical Inc., et al.*, 10-cv-00761-JLR (W.D. Wash.); *Gable v. Transitions Optical Inc., et al.*, 10-cv-00487-JVS-AN (C.D. Cal.); *Sabani v. Transitions Optical Inc., et al.*, 10-cv-00332 (E.D. Wis.); *Achtman v. Transitions Optical, Inc*., 10-cv-01158-EAK-MAP (M.D. Fla.); *Blake v. Transitions Optical, Inc., et al.,* 10-cv-02328-EFM-DJW (D. Kan.) and *Sickbert Family Eye Care, LLC v. Transitions Optical Inc., et al.,* 10-cv-00881-F (N.D. Tex.) have entered orders approving essentially the same terms proposed by Plaintiff and Defendant here.

WHEREAS, in light of the proceedings before the JPML, the orders granting stipulations in the Related Actions, the potential for additional complaints in this and other various

STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

jurisdictions, and the complex nature of Plaintiff's allegations, Plaintiff and Defendant, by and through their undersigned counsel, stipulate to the following Order:

(1) Defendant's time to answer, move or otherwise respond to the Complaint is hereby extended until disposition of the JPML proceeding as provided below.

    (a) If the JPML transfers this case and all related civil actions to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, Defendant shall, as permitted by Federal Rule 12, answer, move or otherwise plead in response to the complaint in the above captioned action (the "Complaint") within 45 days after either: (i) the plaintiffs in the consolidated or coordinated actions serve consolidated amended complaints, or (ii) the plaintiffs in the consolidated or coordinated actions serve notice that they will not file consolidated amended complaints.

    (b) If the JPML denies the motions to transfer this case and all related civil actions to a single district for coordinated or consolidated pretrial proceedings, Defendant shall, as permitted by Federal Rule 12, answer, move or otherwise plead in response to the Complaint within 45 days after service of the JPML ruling.

In either event, if Defendant files any motion pursuant to Rule 12, Plaintiff shall respond to any such motion within 60 days. Defendant shall file its reply, if any, within 45 days of the date when Plaintiff's response is due.

(2) Neither Plaintiff nor Defendant shall serve discovery requests or seek a case scheduling conference or order in this matter until disposition of the JPML proceeding. If a plaintiff in any of the Related Actions serves a discovery request or seeks a case scheduling conference or order, or a court in any of the Related Actions orders an answer or responsive pleading or issues a discovery-related order prior to disposition of the JPML proceeding, Defendant shall move to set aside such requests or orders, and Plaintiff shall not oppose any such motions. Notwithstanding the above, if Defendant files an answer or other responsive pleading in any of the Related Actions before the date required by this stipulation, or responds to any discovery, Defendant will concurrently file its answer or responsive pleading, or produce the same

-4-
STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

discovery, in this matter. Any discovery production will be subject to a protective order to be negotiated by the parties.

(3) Plaintiff and Defendant further stipulate and agree that the entry into this stipulation by Defendant shall not constitute a waiver of any jurisdictional defenses, other than personal jurisdiction, that may be available under Rule 12 of the Federal Rules of Civil Procedure, a waiver of any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, or a waiver of any other statutory or common law defenses that may be available to Defendant in this and the other Related Actions. Defendant expressly reserves its rights to raise any such defenses in response to either the current Complaint or any amended complaint that may be filed relating to this action.

(4) Defendant agrees that it has been served or has agreed to waive service with respect to this action.

(5) All parties agree that they will preserve documents and other materials relevant to this action and the Related Actions, or otherwise discoverable in this action.

In accord with Civil L.R. 6-1(a), this change will not alter the date of any event or any deadline already fixed by Court Order. Other than the Case Management Conference set for October 21, 2010, the parties are unaware of any other pending deadlines or events fixed by Court Order in this case.

Dated: August 5, 2010

**WILSON SONSINI GOODRICH & ROSATI**
**A Professional Corporation**

By: /s/ Lisa A. Davis
       Lisa A. Davis

Attorneys for Transitions Optical, Inc.

Dated:  August 5, 2010            **GLANCY BINKOW & GOLDBERG LLP**

By: /s/ Susan G. Kupfer
       Susan G. Kupfer

Attorneys for Plaintiff and the Proposed Class
Caryl O'Keefe

1 **~~PROPOSED~~ ORDER**

2 PURSUANT TO STIPULATION, IT IS SO ORDERED.  Defendant's time to file its

3 response to Plaintiff's Complaint is hereby extended in accordance with the Stipulation re

4 Extension of Time for Defendant to Answer, Move or Otherwise Respond to Plaintiff's Complaint

5 Pursuant to CIV. L.R. 6-1(a).

6

7 Dated: __August 6__, 2010

8

9 By: _____

10 The Honorable Richard Seeborg
UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28